# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

    Plaintiff,

  v.                                         Case No. 21-CV-186

**JOSEPH BEAHM,** *et al.***,**

    Defendants.

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Ramon Alvarado, Jr., a Wisconsin inmate representing himself, brings this lawsuit under 42 U.S.C. § 1983. Alvarado is proceeding on Eighth Amendment and state law claims based on allegations that Defendants used excessive force against him. Defendants move for summary judgment on the ground that Alvarado failed to exhaust the available administrative remedies. (ECF No. 18.) Alvarado responds in opposition and requests an evidentiary hearing. (ECF No. 23.) For the reasons explained below, I will deny Defendants' motion for summary judgment and deny Alvarado's request for an evidentiary hearing as moot.

### RELEVANT FACTS

Alvarado alleges that, on May 25, 2018, Defendants Joseph Beahm, Andrew Pohl, and Kyle Tritt assaulted him when they escorted him to a strip cage in the restrictive housing unit. He also asserts that Beahm later smacked him in the face

before moving him from the strip cage to his new cell. (ECF No. 28 at ¶2, 4.) Alvarado received a conduct report for disobeying orders and disruptive conduct in connection with his behavior that day. He was found guilty of the charges following a disciplinary hearing. Alvarado did not appeal the decision of the hearing officer. (ECF No. 25 at ¶5-7.)

On June 11, 2018, Alvarado signed an inmate complaint that was received by the institution complaint examiner the following day. Alvarado sought a separation order between him and Beahm. In describing the details surrounding his complaint, Alvarado asserted that "Beahm slammed [him] against the wall while bending [his] right wrist and forcing [him] on [his] knees." He also stated that another officer slammed his face into the door and that Tritt stepped on his shackles, which then cut into his ankles. Alvarado referenced video footage of the incident as well as medical records at the County Jail, which he asserted documented his injuries. He also noted that his attorney was aware of the incident. (ECF No. 21-4 at 8-9).

On June 12, 2018, the institution complaint examiner returned Alvarado's inmate complaint to him and instructed him to try and informally resolve his issue by contacting Captain Westra (who is not a Defendant). (ECF No. 21-4.) Two days later, on June 14, 2018, Alvarado sent an information request to Westra wherein he stated that on May 25, 2018, he was "assaulted by Capt. Tritt, Sgt. Beahm, CO II Pohl and other officers." (*Id.* at 12.) He asked Cpt. Westra to review the video footage from the handheld camera. The next day, Alvarado received a response stating, "You

have answered your own question. You received a conduct report for your actions. Any SPN will not be approved." (*Id.*)

On June 21, 2018, Alvarado refiled his returned inmate complaint, stating in the section describing the details of his inmate complaint that Beahm slammed him against the wall and bent his writs backwards, Tritt stepped on his shackles, and Pohl slammed his face against the door. (ECF No. 21-4 at 10.) The next day the institution complaint examiner rejected the inmate complaint on the basis that "Inmate does not provide sufficient information to support a complaint." (*Id.* at 2.) The institution complaint examiner explained that Westra had already informed Alvarado that he would not approve a request for separation from Beahm. He also noted that Alvarado supplied "no support for his claim" other than to relay an incident that he received a conduct report for. The institution complaint examiner noted that the conduct report did not reference Beahm and he found no documents referencing interactions with Beahm on the day in question.

Alvarado submitted a request for review of the rejected inmate complaint on July 3, 2018. He stated, "I made it very clear in my complaint I was assaulted by Beahm and other officers and I fear for my life." He pointed out that the institution complaint examiner "did not review video footage of the assault [or] contact the Milwaukee County Jail for the injury report of my right wrist . . ." Finally, he argued that, "just because I was given a conduct report related to this assault doesn't make it ok for me to be assaulted or staff getting away with assaulting me." (ECF No. 21-4 at 16.) On July 15, 2018, the reviewing authority found without explanation that

3

"[t]he rejection made by the [institution complaint examiner] was appropriate." (*Id.* at 6.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the

4

record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his complaint. Under the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The exhaustion requirement's primary purpose is to alert the state to [a] problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (cleaned up). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, a prisoner is not required to exhaust administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The court will deem administrative remedies "unavailable" when prison officials do not respond to a properly filed inmate complaint or when they prevent a prisoner from exhausting through affirmative misconduct, such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Kaba*,

5

458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the administrative remedies were available. *See Pavey*, 544 F.3d at 740-41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). When a court determines that remedies were unavailable to a prisoner, he does not forfeit his ability to file suit. *See Smith*, 364 F. App'x at 255.

Wisconsin has an established system to allow inmates to file complaints about staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates may file a complaint with "one clearly identified issue" that "contain[s] sufficient information for the department to investigate and decide the complaint." *Id.* § DOC 310.07(5)–(6). An inmate complaint "need not lay out the facts, articulate legal theories, or demand particular relief"; the complaint is sufficient so long as it "alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

The parties agree that Alvarado filed an inmate complaint that referenced Defendants' alleged use of excessive force, that the inmate complaint was procedurally rejected for failing to provide sufficient information to support a claim,[1] and that the rejection was affirmed by the reviewing authority. Defendants assert

---

[1] Defendants initially asserted that Alvarado's first inmate complaint was rejected as untimely, but they acknowledge in their reply brief that his first inmate complaint on this issue was rejected for not providing sufficient justification to support the complaint. Later inmate complaints on this same issue are not discussed in this decision because they were properly rejected as untimely and are not relevant to my decision. (*See* ECF No. 29 at 3, n.1.)

6

Case 2:21-cv-00186-NJ   Filed 02/03/22   Page 6 of 10   Document 35

that, because Alvarado's inmate complaint was properly rejected, Alvarado failed to exhaust the administrative remedies for his claims.

I disagree. While it is true that Alvarado's complaint was rejected for insufficiency, it should not have been. Alvarado provided ample information to support his complaint. Alvarado noted the date and time of the alleged incident, who was involved (Beahm, Tritt, and Pohl), what they allegedly did to him, and how it allegedly impacted him. He also highlighted three sources that he believed would corroborate his allegations: video footage, medical records at the Milwaukee County Jail (where he was transferred shortly after the alleged incident), and his attorney (who he interacted with during a court hearing shortly after the alleged incident). These details were more than adequate to "alert[] the prison to the nature of the wrong for which redress [was] sought," which is all that the PLRA and the Wisconsin regulations require. *See Strong*, 297 F.3d at 650; Wis. Admin. Code § DOC 310.07(5)–(6).

It appears that, rather than dismissing Alvarado's inmate complaint on procedural grounds, the institution complaint examiner simply disbelieved Alvarado's allegations. He noted that Alvarado had received a conduct report for his actions on that day and that the conduct report did not reference Beahm, but it is unclear why a conduct report that focused on Alvarado's misdeeds would mention all the officers who Alvarado interacted with that day. The fact that Beahm is not mentioned in the conduct report is irrelevant to the issues Alvarado raises. And it is telling that the institution complaint examiner said nothing about consulting the

7

video footage, checking Alvarado's medical records, talking to Alvarado's attorney, or even asking Beahm, Tritt, or Pohl about Alvarado's allegations. Disbelieving Alvarado's inmate complaint is not a basis for rejecting the inmate complaint on the grounds that he provided insufficient information about the nature of his inmate complaint. Rather than rejecting the inmate complaint on procedural grounds, the institution complaint examiner should have decided Alvarado's inmate complaint on the merits. By failing to do so, he rendered the administrative remedies unavailable by preventing him from exhausting. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [ ] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance . . . .").

Defendants also assert that to exhaust claims related to a conduct report, an inmate must first raise his claims at the disciplinary hearing and again on appeal to the warden rather than proceeding directly to the inmate complaint review system. Wis. Admin. Code § DOC 303.82; § DOC 310.06(2). They argue that Alvarado failed to exhaust the administrative remedies because he did not mention Defendants' alleged use of excessive force at his disciplinary hearing and he did not appeal the hearing officer's decision to the warden as required by Wis. Admin. Code § DOC 303.82(4). Alvarado asserts that Defendants' alleged use of excessive force is not related to his conduct report because he interacted with Defendants hours before the events that gave rise to the conduct report. (ECF No. 28 at ¶ 7.) Defendants dispute Alvarado's assertion but state that the assertion is "immaterial to dispositive

8

determinations for summary judgment." (*Id.*) Defendants are incorrect; whether Defendants used excessive force against Alvarado hours before the incident for which he received a conduct report is at the heart of whether § DOC 303.82 required Alvarado to first raise his claims of excessive force during his disciplinary hearing or whether he was able to make immediate use of the inmate complaint review system.

Regardless, it is not necessary to resolve that dispute because the institution complaint examiner waived this argument when he chose to evaluate the sufficiency of Alvarado's inmate complaint. It is undisputed that the institution complaint examiner knew Alvarado had received a conduct report. Yet rather than relying on § DOC 303.82 and directing Alvarado to raise his concerns in the disciplinary proceedings, the institution complaint examiner evaluated whether the inmate complaint was sufficient in content to proceed through the inmate complaint review system.

Drawing all reasonable inferences in Alvarado's favor (as I must at this stage), I conclude that the institution complaint examiner's decision to evaluate the sufficiency of Alvarado's inmate complaint necessarily assumes that he concluded that Alvarado could proceed through the inmate complaint review system without first raising his claims in the disciplinary proceedings. As the Seventh Circuit noted in analogous circumstances, "the federal judiciary will not second-guess [an inmate complaint examiner's conclusion that procedural requirements are satisfied], for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (holding that courts should not

9

second-guess decisions to treat untimely filed inmate complaints as timely and decide them on the merits).

Having found that the institution complaint examiner was content to allow Alvarado to proceed through the inmate complaint review system and that he improperly rejected Alvarado's inmate complaint, I find that the administrative remedies were unavailable to Alvarado. Defendants' motion for summary judgment must be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (ECF No. 18) is **DENIED** and Alvarado's motion to deny summary judgment and motion for an evidentiary hearing (ECF No. 23) is **DENIED as moot.** A scheduling order will be entered separately to move this case toward resolution.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2022.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge