UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RAMON ALVARADO, JR.,**

        **Plaintiff,**

v.                                                       Case No. 21-CV-186

**JOSEPH BEAHM,** *et al.,*

        **Defendants.**

---

## DECISION AND ORDER ON DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Ramon Alvarado, Jr., who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Alvarado was allowed to proceed on an excessive force claim against the defendants for allegedly using excessive force on him during a cell extraction and subsequent strip search.

The defendants filed a motion for summary judgment. Alvarado has responded in opposition. For the reasons stated below, the Court grants the defendants' motion for summary judgment.

### PRELIMINARY MATTERS

In his materials in response to the defendants' motion for summary judgment, Alvarado admits he was mistaken about defendants Andrew Pohl's and Kyle Tritt's role in the underlying events of this case. (Docket # 84 at 13–16.) He agrees to limit his case only to defendant Joseph Beahm. As such, summary judgment is granted in Pohl's and Tritt's favor and they are dismissed from the case. The Court's analysis will focus on the events concerning Beahm's interactions with Alvarado.

# FACTS

At all times relevant, Alvarado was incarcerated at Waupun Correctional Institution. (Docket # 67, ¶ 1.) On May 25, 2018, Alvarado, anxious about his upcoming transfer to the Milwaukee County Jail for court, stated that he was going to harm himself unless he could be seen by non-defendant Dr. McLaren. (Docket # 90, ¶¶ 4, 7, 8.) As a result, he was ordered to be evaluated for observation status. (Docket # 67, ¶ 7.) Beahm and other non-defendant officers escorted Alvarado from the Restricted Housing Unit (RHU) to a strip cell. (*Id.*, ¶ 9.) Alvarado states that when Beahm put handcuffs on him, he "slammed my body to the wall and told me to face forward and he had me kneel down to have the shackles applied to my ankles." (Docket # 90, ¶ 12.) Alvarado states that while Beahm escorted him to the strip cell, Beahm was painfully bending Alvarado's wrist. (*Id.*, ¶ 14.) Alvarado alleges Beahm also told him "to face forward and if I move my face to the left or right it will be perceived as a threat by Waupun staff and he will slam me on my face." (*Id.*, ¶ 15.)

Beahm denies slamming Alvarado into the wall or intentionally bending his wrist. (Docket # 67, ¶ 10.) Beahm states that any injury Alvarado suffered to his wrist was incidental to escorting Alvarado to RHU. (*Id.*, ¶ 13.)

The video evidence shows that while Beahm was walking Alvarado down the stairs, Alvarado jerked away from Beahm a bit, and Alvarado appears to wince in pain. (Docket # 72-2 at 0:14-0:18.) Though the video has no audio, it does show the demeanor of the officers escorting Alvarado, including Beahm. The officers appear to move in a calm and efficient manner to escort Beahm to the strip cell. (*Id.*)

Once Alvarado was in the strip cell, Dr. McLaren briefly spoke with him and determined that he should be placed on observation status. (Docket # 67, ¶ 21.) Beahm and

2

other non-defendant officers then conducted a strip search of Alvarado, as required to place a prisoner in observation status. (*Id.*, ¶ 22.) The video shows Beahm assisting in removing Alvarado's restraints. (Docket # 72-4 at 0:01-0:50.) Alvarado appears to be moving a bit, so Beahm stabilizes him against the door and briefly puts his hand on top of Alvarado's head to secure it or keep Alvarado from moving. (*Id.*) Alvarado's head is not slammed against the door, and Beahm's demeanor appears calm. (*Id.*)

Alvarado alleges that after talking to Dr. McLaren, Alvarado told Beahm that Beahm assaulted him and that he was going to refuse to go to court. Alvarado states that Beahm walked away laughing at him. (Docket # 90, ¶¶ 29–30.)

Beahm and the other officers then transferred Alvarado to an observation cell. (Docket # 67, ¶ 38.) Once again, to secure Alvarado, the video shows that Beahm briefly put one hand on Alvarado's head and turned Alvarado's head. (Docket # 72-5 at 0:42-1:35.) Alvarado states that when Beahm cuffed him, he was ignoring his pleas to loosen the cuffs because he was in pain. (Docket # 90, ¶¶ 35–36.) Alvarado states that once he was tethered to the observation cell, Beahm smacked him "really hard on the right side of his face." (*Id.*, ¶ 40.) While the video does not conclusively show whether Beahm smacked Alvarado, it does show that Beahm's and the other officers' demeanors the entire time appeared calm and focused on the task at hand. They appear to efficiently go about the task of securing Alvarado in the observation cell. (Docket # 72-7 at 0:01-0:42.) Alvarado also states that Beahm and the other officers were laughing at him. (Docket # 90, ¶ 42.) Beahm denies slapping and laughing at Alvarado. (Docket # 67, ¶¶ 44–46.) The video does not show the officers laughing.

A short time later, Tritt orders an extraction team to remove Alvarado from his cell to transfer him to the Milwaukee County Jail because Alvarado refused to go. (Docket # 90, ¶

3

49.) As the video shows, Alvarado complains that his wrist was injured and attempts to show the camera his injury. (Docket # 91-1 at 6:05-6:24.) Once Alvarado arrived at the Milwaukee County Jail, a non-defendant nurse treated a small cut on his wrist. (Docket # 90, ¶ 52.) Alvarado states that his wrist was swollen and slightly numb for approximately 10 days. (*Id.*, ¶ 53.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a

4

whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

Alvarado claims that Beahm violated his Eighth Amendment rights when he used excessive force on him. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 F. App'x 378, 382 (7th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). "Several factors are relevant in determining whether a defendant applied force in good faith or for purposes of causing harm, including the need for force, the amount of force used, the threat reasonably perceived by the officer, efforts made to temper the severity of the force, and the extent of the injury caused by the force." *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009).

Here, the court has the benefit of the video, which shows that no reasonable jury could conclude that Beahm used excessive force on Alvarado or accept Alvarado's version of events. "Where opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 327, 376 (2007). In several instances, the video shows that Beahm merely put one hand on Alvarado's head and adjusted it to one side when the officers were securing him. The video does not show that Beahm slammed Alvarado's head into the door. As for bending the wrist, while the video shows that Alvarado was in some discomfort, there is no credible evidence that Beahm's actions were "of a sort repugnant to the conscience of mankind." *Hudson*, 503

5

U.S. at 9–10 (citations omitted). Alvarado's injuries—a small cut on the wrist and some swelling—also support a finding that Beahm did not engage in excessive force because the *de minimis* injuries, coupled with the lack of evidence of malicious intent, demonstrate lack of excessive force. *See Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012).

Alvarado asserts that Beahm's worst actions were not caught on camera, including purposely bending his wrist to cause pain and allegedly smacking him really hard in the face. Alvarado's assertions are, however, insufficient to defeat summary judgment. Summary judgment is improper only if a jury reasonably could find excessive forced based on Alvarado's assertions. No juror who viewed the video could reasonably conclude—given Beahm's professional and calm behavior throughout his encounter with Alvarado and the minor injury sustained by Alvarado—that Beahm, outside the camera's view, used excessive force against Alvarado. *See Boyd v. Pollard*, 621 F. App'x 352, 356 (7th Cir. 2015) (finding that where the professional behavior of prison guards is apparent in the video, "no juror who viewed the video could reasonably conclude" that the guards used excessive force off camera). Because no reasonable jury could conclude that Beahm used excessive force on Alvarado, summary judgment is granted in Beahm's favor.

## CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted. At screening, the Court exercised supplemental jurisdiction over Alvarado's battery claim under Wisconsin state law. Now that the Court has granted summary judgment in favor of defendants and dismissed the federal claims, the Court declines to continue to exercise that jurisdiction. *See* 28 U.S.C. §1367(c); *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015). The defendants also argue that they are entitled to qualified immunity, but because the Court

granted summary judgment in their favor on the merits, it does not need to address the qualified immunity arguments. Because there are no remaining claims, the case is dismissed.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 65) is **GRANTED.**

**IT IS FURTHER ORDERED** that the case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 9th day of July, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge